UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY KEENAN SHARP,<br><br>                Petitioner,<br><br>vs.<br><br>WARDEN FLUKE, WARDEN AT YANKTON WORK CENTER, INDIVIDUAL AND OFFICIAL CAPACITY; AND JASON RAVNSBORG, ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA;<br><br>                Respondents. | 4:19-CV-04173-KES<br><br><br><br>REPORT AND RECOMMENDATION |

## INTRODUCTION

This matter is pending before the court on the *pro se* habeas petition of Anthony Keenan Sharp pursuant to 28 U.S.C. § 2254.  See Docket No. 1. Mr. Sharp is currently in custody pursuant to a state court judgment of criminal conviction.  Id.  Respondents have filed a motion to dismiss Mr. Sharp's habeas petition without holding an evidentiary hearing.  See Docket No. 7. This matter has been referred to this magistrate judge for a recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and the October 16, 2014, standing order of the Honorable Karen E. Schreier, District Court Judge.

## FACTS

The facts which are pertinent to respondents' motion are as follows.  The court has taken judicial notice of Mr. Sharp's underlying criminal and habeas files from state court.

Mr. Sharp collaterally attacks the sentence he received on June 13, 2016, for aggravated assault, interference with emergency communications, resisting arrest, and obstructing an officer, jailer or firefighter. See Docket No. 1 at p. 1. Mr. Sharp was convicted following a jury trial and was sentenced to 15 years' imprisonment with 5 years suspended. Id. at pp. 1-2.

Mr. Sharp timely appealed his conviction and sentence to the South Dakota Supreme Court, which affirmed on June 5, 2017. Id. at p. 2. A subsequent petition for a writ of certiorari to the United State Supreme Court was denied November 13, 2017.[1] Id.

On December 11, 2017, Mr. Sharp filed a petition for habeas relief in South Dakota state circuit court. Id. at p. 3. That state habeas petition remains pending. Mr. Sharp filed his § 2254 habeas petition with this court on October 7, 2019. See Docket No. 1. Respondents now move to dismiss Mr. Sharp's petition for failure to exhaust his claims in South Dakota state court.

## DISCUSSION

There are a number of procedural rules that apply to an application for habeas relief by a state prisoner under § 2254. Chief among them is the

---

[1] Respondents also set forth procedural history for a second conviction entered on September 28, 2016, affirmed by the South Dakota Supreme Court October 10, 2017, and petition for certiorari denied November 13, 2017. See Docket No. 8 at pp. 1-2. It is not clear that Mr. Sharp is contesting the judgment of conviction in this second case as his habeas petition lists only the conviction for which he was sentenced on June 13, 2016. See Docket No. 1 at p.1. His state habeas petition appears to be centered on only the June 13, 2016, conviction as he attached a copy of only that judgment to the petition. See Docket No. 8 at p. 2.

doctrine of state court exhaustion, which limits federal habeas review of state court convictions as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
> (A) the applicant has exhausted the remedies available in the courts of the state; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> * * *
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

See 28 U.S.C. § 2254(b) and (c). The above codifies what was previously a judicial doctrine of exhaustion.

A federal court may not consider a claim for relief in a habeas corpus petition if the petitioner has not exhausted his state remedies. See 28 U.S.C. § 2254(b). "[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). If a ground for relief in the petitioner's claim makes factual or legal arguments that were not present in the petitioner's state claim, then the ground is not exhausted. Kenley v. Armontrout, 937 F.2d 1298, 1302 (8th Cir. 1991). The exhaustion doctrine protects the state courts' role in enforcing federal law and prevents the disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518 (1982). The Supreme Court has stated:

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose, 455 U.S. at 518 (citation omitted). The exhaustion rule requires state prisoners to seek complete relief on all claims in state court prior to filing a writ of habeas corpus in federal court. Federal courts should, therefore, dismiss a petition for a writ of habeas corpus that contains claims that the petitioner did not exhaust at the state level. See 28 U.S.C. § 2254; Rose, 455 U.S. at 522. The exhaustion requirement is waived "only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995).

A federal court must determine whether the petitioner fairly presented an issue to the state courts in a federal constitutional context. Satter v. Leapley, 977 F.2d 1259, 1262 (8th Cir. 1992). "To satisfy exhaustion requirements, a habeas petitioner who has, on direct appeal, raised a claim that is decided on its merits need not raise it again in a state post-conviction proceeding." Id. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." Ashker v. Leapley, 5 F.3d 1178, 1179 (8th Cir. 1993).

4

It is clear Mr. Sharp has not yet exhausted his habeas claims in state court by (1) first allowing the state circuit court to rule on them and (2) giving the South Dakota Supreme Court a chance to rule on the circuit court's habeas decision.  Both actions are necessary for Mr. Sharp to complete before this court can address the merits of his habeas claims.  Accordingly, the court recommends granting respondents' motion to dismiss for failure to exhaust.  Dismissal for failure to exhaust is without prejudice.  Mr. Sharp may refile a § 2254 habeas petition with this court once he has exhausted his claims in state circuit court and the state supreme court.

## CONCLUSION

Based on the foregoing law, facts and analysis, this magistrate judge respectfully recommends granting respondents' motion to dismiss [Docket No. 7].  It is also recommended that Mr. Sharp's motions for appointment of counsel and for an order to show cause [Docket Nos. 5 & 11] be denied as moot.  It is further recommended that Mr. Sharp's motion to proceed *in forma pauperis* [Docket No. 6] be granted.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Objections must be timely and specific in order to require de novo review by the

district court.  Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 18th day of November, 2019.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge